IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INTERRA INTERNATIONAL, LLC,  )
                             )
    Plaintiff/Counterclaim-   )
    Defendant,                )
                             )
v.                           )
                             )
MOHAMMED AL KHAFAJI,         )
                             )   Case No. 1:16-CV-01523-MHC
    Defendant,                )
                             )
and INTERVISION, LLC,        )
                             )
    Defendant/Counterclaim-   )
    Plaintiff.                )
                             )
_____ )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MOHAMMED AL-KHAFAJI'S MOTION FOR SUMMARY JUDGMENT

    Defendant Mohammed Al-Khafaji ("Al-Khafaji") files this Memorandum of Law in support of his Motion for Summary Judgment and shows the Court as follows:

## I.    INTRODUCTION

    Al-Khafaji moves for summary judgment on all counts against him. On the Lanham Act claim (Count I), Al-Khafaji incorporates by reference herein the arguments raised by Co-Defendant Intervision, LLC ("Intervision") in its Motion for

Summary Judgment – that (1) Plaintiff Interra International, LLC ("Interra") does not own the mark at issue; (2) Interra has not established common law trademark rights; (3) even if Interra owned the mark at issue and established common law rights, it abandoned the mark over three years ago; and (4) there is no confusion in the marketplace.

On the breach of contract claims (Count II), Al-Khafaji shows that there is no evidence that (1) Al-Khafaji *actually* used any of Interra's Proprietary Information; (2) Al-Khafaji *actually* solicited any of the 712 sales at issue; and (3) any harm suffered by Interra was *caused* by Al-Khafaji's alleged breach of the Employment Agreement.  Al-Khafaji further shows that he is entitled to summary judgment as a matter of law on Interra's claims for disgorgement of Al-Khafaji's salary bonuses, injury to Interra's reputation and punitive damages.  Under Georgia law, such remedies are simply not available on a breach of contract claim.

Al-Khafaji incorporates by reference herein the arguments made by Intervision in its motion for summary judgment that Counts IV, V and VI must fall as a matter of law.  Because the Lanham Act claim fails, Interra' state law claims under the GUDTPA, common law unfair competition and fraud pursuant to O.C.G.A. § 23-2-55, also fail.  Finally, Al-Khafaji incorporates by reference herein the Joint Motion to Exclude Expert Testimony and Opinions of Scott D. Hampton.

Intervision and Al-Khafaji show in that motion that Interra's expert's opinions and testimony cannot survive a *Daubert* challenge because those opinions and testimony are unreliable, untrustworthy, unsupported and drastically overstate Interra's purported lost profits, even under the accountant's own methodology. With no valid expert testimony on damages, several of Interra's claims fail.

## II.     STATEMENT OF FACTS

Al-Khafaji incorporates by reference herein his Statement of Undisputed Material Facts in Support of his Motion for Summary Judgment.

## III.    ARGUMENT AND CITATION OF AUTHORITY

### A.     Summary Judgment Standard

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must identify pleadings, depositions, and written discovery, along with affidavits, that demonstrate that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted)). The non-moving party then must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986);

Fed. R. Civ. P. 56(e) ("nonmoving party must come forward with specific facts showing that there is a genuine issue for trial."). A fact is not "material" if a dispute over that fact will not affect the outcome of the suit under the governing law. *Id*. at 248. Rather, an issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 249-50.

The court must view all evidence and draw all *reasonable* inferences in the light most favorable to the non-moving party. *Patton v. Triad Guar. Ins. Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002) (emphasis added); *Anderson*, 477 U.S. at 249-50 ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.").

### B. Summary Judgment Should Be Granted to Al-Khafaji on Interra's Lanham Act Count (Count I)

Al-Khafaji incorporates by reference herein those portions of Intervision's Motion for Summary Judgment that address Interra's Lanham Act Count (Count I). In addition, Al-Khafaji incorporates by reference herein the Joint Motion to Exclude Expert Testimony and Opinions of Scott D. Hampton. The grant of that motion will establish that Interra has suffered no lost profits thereby providing additional grounds to grant Al-Khafaji's motion for summary judgment.

**C.    Summary Judgment Should Be Granted to Al-Khafaji on Interra's Breach of Contract Count (Count II).**

**1.    Al-Khafaji Did Not Use Interra's Proprietary Information and Did Not Solicit Sales in Violation of His Employment Agreement.**

Al-Khafaji states in his declaration that "at no time since February 6, 2015 have I used Interra's Proprietary Information to secure a sale of any products or to help me in my job at Intervision," and that between February 6, 2015 and February 6, 2017 he did not solicit or attempt to solicit sales or purchase orders for Core Product: (1) from any Customer or Vendor with respect to whom he bought or sold Core Products on behalf of Interra at any time during the two (2) year period immediately preceding his termination, or (ii) from any Customer or Vendor account that he serviced or supervised other's servicing at any time during the twelve (12) month period immediately preceding the termination of his employment with Interra, or (iii) from any prospective Customer or Vendor during the two (2) year period immediately preceding his termination.  (Declaration of Mohammed Al-Khafaji ("Al-Khafaji Decl.") ¶¶ 7 and 8 attached hereto as Ex. 26).  These facts are undisputed.  Interra has produced no evidence to contradict these facts.

Summary judgment is proper on a claim for breach of a non-disclosure agreement where there is no evidence that a former employee actually disclosed his former employer's confidential information and/or trade secrets.  *Fine v. Commun.*

*Trends, Inc.*, 305 Ga. App. 298, 307-08, 699 S.E.2d 623, 633 (2010).  There is no evidence here that Al-Khafaji breached the non-disclosure or non-solicitation provisions in the Employment Agreement.

When asked to identify Interra's evidence that Intervision ever *actually used* any of Interra's allegedly confidential information that Al-Khafaji had in his possession after he left Interra, William Green, Interra's Rule 30(b)(6) designee on liability issues, testified only that, ███████████████████████████████ ████████████████████████████████████████████████ (Rule 30(b)(6) Deposition of William Green ("Green Tr.") 242:7-25, attached hereto in Ex. 5).

When asked to provide Interra's evidence that Al-Khafaji *actually disclosed* Interra's allegedly confidential information to secure competitive sales to the following customers: ███████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████.

(Green Tr. 55:12-20; 237:8-252:15; 255:9-258:9, attached hereto in Ex. 5).

When asked to provide Interra's evidence that Al-Khafaji *actually solicited* customers in violation of Employment Agreement, Green ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████(Green Tr. 229:20-22; 252:7-11; 259:3-13, attached hereto in Ex. 5).

Green could not identify any ████████████████████████████

██████████████████████████████(Green Tr. 259:14-18, attached hereto in Ex. 5).  When asked what confidential information Al-Khafaji used in every single sale, Steven Isaf, Interra's Rule 30(b)(6) designee on damages, testified████████████

████████████████████████████████████████████████████(Rule 30(b)(6) Deposition of Stephen Isaf ("Isaf 2/13/18 Tr.") 163:12-18, attached hereto in Ex. 3)).  Isaf further testified that the████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████ (Isaf 2/13/18 Tr. 91:4-15,

attached hereto in Ex. 3).

      Green could not identify any Interra ████████████████████

███████████████████████████████████████████

████ (Green Tr. 132:21-133:18, attached hereto in Ex. 5).  Interra admits that it

has no evidence that ██████████████████████████████████████

███████████████████████████████████████████.

(Isaf 2/13/18 Tr. 37:1-38:3), attached hereto in Ex. 3).

      Regarding Interra's allegations in ¶¶ 171 and 172 of its Fourth Amended

Complaint (ECF No. 72) that Intervision improperly and illegally used Interra's

confidential information to solicit customers, Stephen Isaf, Interra's other Rule

30(b)(6) designee, stated ████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████



. (Isaf 2/13/18 Tr. 51:18-54:22, attached hereto in

Ex. 3).

Interra admits that it

(Interra's   Resp.   to   Al-Khafaji's   Second

Interrogatories No. 3 at 15, attached hereto as Ex. 18)).

Robin Tommalieh, a former Interra employee who

(Deposition   of   Robin   Tommalieh

("Tommalieh Tr.") 293:9-23, attached hereto in Ex. 8)).

With respect to Al-Majar Al-Kapyr's purchase of Jannat-branded products

from Intervision after Al-Khafaji joined Intervision, Al-Sudani, Al-Majar's owner

and  general  manager,  testified  that                                              .  To  the

contrary, Al-Sudani testified:                                              Deposition of

Anwar Al-Sudani ("Al-Sudani Tr.") 166:9-15, attached hereto in Ex. 6)).

(Al-Sudani Tr. 167:23).  Indeed,

███████████████████████████████████████████████

████████████████████████████████████ (Al-Sudani Tr. 191:2-15).

Al-Sudani stated that ████████████████████████████████

███████████████████████████████████████████. (Al-Sudani

Tr. 96:23-97:5).  Moreover, Al-Sudani stated that ████████████████████

█████████████████████████████████████████████ (Al-

Sudani Tr. 97:7-12) (Mem. Summ. J. Ex. 6).

Green could not identify ████████████████████████

███████████████████████████████████████████████

█████████ (Green Tr. 54:17-56:2; 58:1-59:5, attached hereto in Ex. 5).   Interra

admits it has no evidence that ██████████████████████████████

████████████████████████████████████████ (Green Tr.

58:1-59:5, attached hereto in Ex. 5).

Interra admits it is not aware of any evidence that ████████████████████

███████████████████████████████████████████████

█████████. (Isaf 2/13/18 Tr. 34:15-25, attached hereto in Ex. 3).  Interra admits it

is not aware of any evidence that ██████████████████████████████

████████████████████████████████████████. (Isaf 2/13/18 Tr. 91:25-92:4,

attached hereto in Ex. 3).



Instead of identifying *any* evidence of specific improper solicitations or disclosures, Interra points to the general fact that ████████████████████████ ████████████████████████████████████████████████████ ██████████ This does not help Interra because (1) Al-Khafaji did not agree to a non-competition covenant and (2) the non-disclosure provision at issue here does not forbid Al-Khafaji from accepting business.  Indeed, prohibitions on the acceptance of business in the absence of a non-competition provision are unenforceable under Georgia law:

> "While a prohibition involving some affirmative act on the part of the former employee, such as solicitation, diversion, or contact of clients, may be reasonable, a covenant prohibiting a former employee from merely accepting business, without any solicitation, is not reasonable." (Footnotes and emphasis omitted.) *Waldeck v. Curtis 1000, Inc.,* 261 Ga. App. 590, 592 (583 SE2d 266) (2003). See also *Singer v. Habif, Arogeti & Wynne, P.C.,* 250 Ga. 376, 377 (1) (297 SE2d 473) (1982) (holding that a restrictive covenant was unreasonable and overprotective since it would prohibit the employee from accepting employment from a former client who approached him for services, without any prior solicitation on his part); *Akron Pest Control v. Radar Exterminating Co.,* 216 Ga. App. 495, 497 (1) (455 SE2d 601) (1995) (ruling that solicitation requires some affirmative action on the employee's part; the employee's mere acceptance of business did not in any sense constitute solicitation in violation of the restrictive covenant).

*Fine v. Commun. Trends, Inc.,* 305 Ga. App. 298, 306-07, 699 S.E.2d 623, 632 (2010).  Al-Khafaji was free to speak with customers with whom he dealt at Interra so long as he did not solicit them.  *Lifebrite Labs., LLC v. Cooksey*, 2016 U.S. Dist. LEXIS 181823, at *21 (N.D. Ga. Dec. 9, 2016) ("Surely one does not solicit

someone by merely having a conversation. Even mentioning that she was going to work for another lab cannot count as solicitation. To solicit is to use some sort of salesmanship, to encourage and persuade another to do something.    Merely informing someone as to a change in circumstances does not qualify.").

**2.    Interra Suffered No Harm Due to Al-Khafaji's Alleged Breach of Contract.**

**a.    Monetary Remedies**

In Interra's Third Amended Response to Al-Khafaji's Interrogatory No. 12 at 3 (Ex. 28 hereto), Interra sets forth its categories and computations of its breach of contract damage claims against Al-Khafaji.  In sum, Interra seeks (1) disgorgement of $108,500 of salary bonuses Intervision paid to Al-Khafaji and (2) $5 million for reputational harm and punitive damages.[1]  These damage claims fail as a matter of law.

---

[1] On May 15, 2018, after the close of fact and expert discovery, Interra served Al-Khafaji Plaintiff Interra International, LLC's Fourth Amended Disclosures and Interra's Fourth Amended Response to Khafaji's Interrogatory 12.   In these documents, Interra claims *for the first time* that it is seeking additional breach of contract damages against Al-Khafaji in the amount of ███████.   Al-Khafaji objects to Interra's delinquent and highly prejudicial new damage claims and will be filing a motion to strike to address Interra's subterfuge.   That motion and supporting material are expressly incorporated herein by reference.   Exhibit 28 hereto is a true and correct copy of Interra's Third Amended Response to Khafaji's Interrogatory No. 12.  This is Interra's last interrogatory response on its damage claims before the close of fact discovery.

### i. Interra's Alleged Harm Was Not *Caused* by Al-Khafaji's Alleged Use of Interra's Proprietary Information or Alleged Solicitations.

According to Interra's damages expert, after Al-Khafaji joined Intervision, he made a total of ███████████████████████████. (Exs. H.1 and H.2 attached to Ex. 13). Interra claims that it is entitled to damages for *each and every one* of those ████████████████████████████████

████████████████████████████████████████████

████████████████████████████. Perhaps one way to prove such an outlandish claim would be to secure testimony from ████████████████

████████████████████████████████. But only one customer testified in this case – Al-Sudani from Al-Majar – and that customer testified that ████████████████████████████████ (Al-Sudani Tr. 166:9-15, attached hereto in Ex. 6). ████████████████████

(Al-Sudani Tr. 167:23, attached hereto in Ex. 6). Al-Sudani also testified that ██

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

(Al-Sudani Tr. 191:2-15, attached hereto in Ex. 6). And William Green, Interra's Rule 30(b)(6) designee on Al-Khafaji's alleged use of Interra's confidential

information, could not identify ███████████████████████████████

████████████████████████████████████████████████████████████

███████████  (Green Tr. 54:17-56:2; 58:1-59:5, attached hereto in Ex. 5).

Proximate cause, causation, and related issues can be decided as a matter of law by the court "when there exists a plain, palpable, and undisputed case where reasonable minds cannot differ as to the conclusions to be reached." *Phillips v. Macdougald*, 219 Ga. App. 152, 154, 464 S.E.2d 390, 393-94 (1995) (citing *Wade v. Mitchell,* 206 Ga. App. 265, 268, 424 S.E.2d 810 (1992); *Abernathy v. Dover*, 139 Ga. App. 323, 228 S.E.2d 359 (1976). "Where a party sues for specific damages, he has the burden of showing the amount of the loss, and of showing it in such a way that the jury may calculate the amount from the figures furnished, and will not be placed in the position where their allowance of any sum would be mere guesswork." *Witty v. McNeal Agency*, 239 Ga. App. 554, 562, 521 S.E.2d 619, 628 (1999) (quotations and citations omitted). "The losses must be directly traceable to the acts of the other party." *Grossberg v. Judson Gilmore Assoc.*, 196 Ga. App. 107, 109, 395 S.E.2d 592 (1990). Interra has not and cannot trace a single sale to an alleged breach of the Employment Agreement.

Interra has offered nothing more than speculation and conjecture in support of its allegation that Al-Khafaji's alleged breaches caused its alleged damages.

Interra's naked assertion that causation is established because its ███████

███████████████████████ is insufficient as a matter of law.  A party may

not rest on suppositions and contention that the jury *might* make inferences from the

mere fact of the loss of accounts.  *Coffee Butler Serv. v. Sacha*, 208 Ga. App. 4, 7,

430 S.E.2d 149, 152 (1993).

In *Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223 (11th Cir. 2009), the

court reversed a $1,659,000 damage award in favor of a former employer and against

its former employee for breach of non-disclosure, non-solicitation and non-compete

covenants in the former employee's employment agreement "because there was no

showing that Gordon's breach caused the claimed damage." *Id*. 576 F.3d at 1241.

The court explained:

> The district court erred, as a matter of law, in awarding Proudfoot damages
> for Gordon's solicitation of Bombardier because the district court never found
> that absent Gordon's breach, Proudfoot would have obtained the Bombardier
> Logistics project.  Moreover, even if the district court had made such a
> finding, neither the underlying facts found by the district court nor any
> evidence in the record could support such a conclusion. The fact that
> Highland's "profits are inextricably linked to Gordon's breach of the
> Restrictive Covenants" is irrelevant absent a finding that Gordon's solicitation
> of Bombardier caused Proudfoot to lose business. Damages for breach of a
> non-compete are intended to make the prior employer whole, not to punish
> employees.

*Id*. 576 F.3d at 1243.  *Proudfoot* dealt with Florida law but its reasoning

applies equally under Georgia.  *See Witty* and *Sacha*, *supra*.  *See also Bigelow-*

*Sanford Carpet Co. v. Goodroe*, 98 Ga. App. 394, 400, 106 S.E.2d 45, 51 (1958)

(Lost profits from an alleged breach must be the direct result of the breach).

Despite Al-Sudani's testimony and despite the absence of *any* evidence of that

Al-Khafaji's alleged breaches *actually caused* Interra's alleged loss of sales,

Interra's damages expert, Scott Hampton, assumed that ███████████████

██████████████████████████████████████████████

███████████████████████████████. (Ex. 13, Exs. H.1 and H.2).

There is simply no evidence to support such an assumption.

Because Interra has failed to present any facts establishing causation on its

breach of contract claims against Al-Khafaji, summary judgment should be granted

to Al-Khafaji on those claims.

### ii.   Interra is Not Entitled to Disgorgement of Al-Khafaji's Salary Bonuses.

In Interra's Third Amended Response to Al-Khafaji's Interrogatory No. 12,

Interra states in subsection (3), "Subject to revision by Interra's expert, Interra seeks

$108,500 from Defendant Khafaji for his wrongful breaches of his Interra

employment agreement.  That sum includes the salary bonuses that he was paid

while at Interra." (Ex. 28, 3).  In other words, on its breach of contract claim, Interra

seeks disgorgement of Al-Khafaji's salary bonuses.  Disgorgement, however, is an

equitable doctrine that is limited to cases where there is *no* enforceable contract.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC v. Teledyne Techs., Inc.*, 2013 U.S. Dist. LEXIS 127892, at *34 (N.D. Ga. Sep. 9, 2013) (citing *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137, 508 S.E.2d 646, 648 (1998) and *Liniado v. Alexander,* 199 Ga. App. 256, 258, 404 S.E.2d 602 (1991)).  Thus, Interra's claim for disgorgement of Al-Khafaji's compensation fails as a matter of law.

### iii.   Interra is Not Entitled to Damages for Injury to Reputation or Punitive Damages.

In Interra's Third Amended Response to Al-Khafaji's Interrogatory No. 12, Interra states in subsection (4) "Interra seeks damages for reputational harm and punitive damages in the amount of $5,000,000 from Defendants Intervision and Khafaji.  These damages are determined based on several factors. Defendant Khafaji openly breached the employment agreement, flouting his obligations to Interra despite being repeatedly reminded of his obligations." (Ex. 28, 3-4).  Under Georgia law, "[i]njury to reputation is a personal injury."  *Zieve v. Hairston*, 266 Ga. App. 753, 759, 598 S.E.2d 25, 32 (2004).  Injury to reputation is not a recoverable damage on a breach of contract claim and there are no claims for personal injury in this case.

O.C.G.A. § 13-6-10 provides that "[u]nless otherwise provided by law, exemplary damages shall never be allowed in cases arising on contracts."  Exemplary or punitive damages are only permitted in certain tort actions.  O.C.G.A.

§ 51-12-5.  Thus, as a matter of law, Interra cannot recover punitive damages on its breach of contract claims.

### iv.    Interra is Not Entitled to Attorneys' Fees and Expenses of Litigation.

Interra seeks attorneys' fees and costs from Al-Khafaji pursuant to O.C.G.A. § 13-6-11, which provides, "The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." In *Wilson v. IBM*, 610 F. App'x 886, 890 (11th Cir. 2015), the court held, "'A prerequisite to any award of attorney fees under O.C.G.A. § 13-6-11 is the award of damages or other relief on the underlying claim.'" (citing *United Companies Lending Corp. v. Peacock*, 267 Ga. 145, 475 S.E.2d 601, 602 (1996)." The court concluded that "[b]ecause summary judgment in favor of IBM was appropriate on the breach of contract claim, Mr. Wilson is not entitled to attorney's fees under § 13-6-11." Thus, because summary judgment in favor of Al-Khafaji is appropriate here, Interra is not entitled to attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

In addition, because there are no facts to support an award of attorney's fees and costs under O.C.G.A. § 13-6-11, summary judgment is appropriate.  *See*

*Silverpop Sys. v. Leading Mkt. Techs., Inc.*, 641 F. App'x 849, 859 (11th Cir. 2016);

*Pulte Home Corp. v. Woodland Nursery & Landscapes, Inc.*, 230 Ga. App. 455, 457,

496 S.E.2d 546, 550 (1998) ("A recovery of OCGA § 13-6-11 attorney's fees in a

contract action must be based upon evidence which shows more than a mere breach

of contract."); *Williams Tile & Marble Co., Inc. v. Ra-Lin & Associates, Inc.*, 206

Ga. App. 750, 752, 426 S.E.2d 598, 601 (1992) (no recovery where the record shows

the existence of a bona tide controversy as to reasons for which defendant would

have no contractual liability to plaintiff); *Backus Cadillac-Pontiac v. Ernest*, 195

Ga. App. 579, 581, 394 S.E.2d 367, 370 (1990) ("Where there exists a bona fide

controversy, recovery of attorney fees is not authorized for stubborn litigiousness

and unnecessary trouble and expense." (citing cases)).

### b. Interra is Not Entitled to an Order Requiring Al-Khafaji to Return to Interra All Documents and Things that Belong to Interra.

Interra requests an Order requiring Al-Khafaji to return to Interra all

documents and things that belong to Interra. (Ex. 28, 4-5). This issue is moot. In

response to a request from Interra's counsel in October 2017, Al-Khafaji deleted

from his personal devices (*e.g.*, iPhone, iCloud account and personal computer) all

of the Interra documents Al-Khafaji's attorney had produced to Interra's counsel.

Counsel for Interra was satisfied that Al-Khafaji's deletion of these documents

addressed any and all concerns Interra had regarding Al-Khafaji's previous possession of these documents. (Al-Khafaji Decl. ¶ 13, Ex. 26); (Counsel to Counsel Emails, Ex. 27). Thus, summary judgment is appropriate on this request for equitable relief.

> **D.** **Summary Judgment Should be Granted to Al-Khafaji on Interra's GUDTPA (Count IV), Common Law Unfair Competition (Count V) and Fraud (Count VI) Counts**

Al-Khafaji incorporates by reference herein those portions of Intervision's Motion for Summary Judgment that address Counts IV, V and VI.

## IV. CONCLUSION

For each of the foregoing reasons, Defendant Mohammed Al-Khafaji requests that the Court grant his Motion for Summary Judgment.

Respectfully submitted,

Dated: May 21, 2018

/s/ James W. Hawkins
James W. Hawkins
Georgia State Bar No. 338767
JAMES W. HAWKINS, LLC
11339 Musette Circle
Alpharetta, GA 30009
V: 678-697-1278
F: 678-540-4515
jhawkins@jameswhawkinsllc.com

*Attorney for Defendant*
*Mohammed Al-Khafaji*

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing memorandum has been prepared in 14-point

Times New Roman font and complies with LR 5.1, NDGa and LR 7.1(D), NDGa.

*/s/ James W. Hawkins*
James W. Hawkins

*Attorney for Defendant*
*Mohammed Al-Khafaji*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERRA INTERNATIONAL, LLC,   ) | |
|                      ) | |
|       Plaintiff/Counterclaim- ) | |
|       Defendant,         ) | |
|                      ) | |
| v.                     ) | |
|                      ) | |
| MOHAMMED AL KHAFAJI,   ) | Case No. 1:16-CV-01523-MHC |
|                      ) | |
|       Defendant,         ) | |
|                      ) | |
| and INTERVISION, LLC,    ) | |
|                      ) | |
|       Defendant/Counterclaim- ) | |
|       Plaintiff.          ) | |
|                      ) | |
| _____ ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 21, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for parties of record electronically by CM/ECF.

                                      */s/ James W. Hawkins*
                                      James W. Hawkins

                                      *Attorney for Defendant*
                                      *Mohammed Al-Khafaji*